**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Elvira Barros, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 4272 |
| | ) | |
| ARS National Services, Inc., a | ) | |
| California corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Elvira Barros, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Elvira Barros ("Barros"), is a resident of the State of Massachusetts, from whom Defendant attempted to collect a delinquent consumer debt that she owed for a Citibank account, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.     Defendant, ARS National Services, Inc. ("ARS"), is a California corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  ARS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant ARS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant ARS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, ARS conducts extensive and substantial business in Illinois.

6.     Defendant ARS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant ARS acts as a collection agency in Illinois.

### FACTUAL ALLEGATIONS

7.     Ms. Barros fell behind on paying her bills, including a debt she allegedly owed for a Citibank account.  Defendant ARS thereafter began trying to collect this debt from Ms. Barros by sending her a collection letter, dated April 27, 2013.  A copy of this letter is attached as Exhibit C. This caused Ms. Barros to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.

8.     Accordingly, via a letter, dated May 6, 2013, one of Ms. Barros's attorneys

at LACD informed Defendant, in writing, that Ms. Barros was represented by counsel, and directed ARS to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Barros was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit D.

9.       Thereafter, during April through December, 2013, from their offices in Chicago, Illinois, Ms. Barros's attorneys at LACD sent Defendant ARS regular monthly payments, which payments were accepted by Defendant.

10.      Nonetheless, Defendant communicated directly with Ms. Barros, via a letter dated January 6, 2014, regarding payment of the Citibank debt. A copy of this collection letter is attached as Exhibit E.

11.      Defendant's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

12.      Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

15.      Here, the letter from Ms. Barros's attorney/agent, LACD, told Defendant to

cease communications with Ms. Barros (Exhibit <u>D</u>).  By continuing to communicate via a letter regarding the debt and demanding payment from Ms. Barros (Exhibit <u>E</u>), Defendant ARS violated § 1692c(c) of the FDCPA.

16.    Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19.    Defendant ARS knew that Ms. Barros was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant ARS, in writing (Exhibit <u>D</u>), that she was represented by counsel, and had directed Defendant to cease directly communicating with her.  By directly sending Ms. Barros a collection letter (Exhibit <u>E</u>), despite being advised that she was represented by counsel, Defendant ARS violated § 1692c(a)(2) of the FDCPA.

20.    Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Elvira Barros, prays that this Court:

1.      Find that Defendant ARS's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Ms. Barros and against Defendant ARS, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided

by§1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elvira Barros, demands trial by jury.

Elvira Barros,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  June 9, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com